DAVIS, Judge.
Leonard Walters challenges the circuit court order granting CSX Transportation’s motion for summary judgment in Walters’ Federal Employer Liability Act (FELA) action against CSX.[1] Because we conclude that, as a matter of law, CSX has not met its burden in showing irrefutably that Walters could not prevail, we reverse and remand for further proceedings.
Walters injured his knee while working under a railroad car. He maintains that CSX was negligent because his supervisors instructed him to work on the car while he squatted on a mobile stool rather than allowing him to jack up the car to a sufficient height or place it over a work “pit.” On the stool, in order to avoid falling metal, Walters had to quickly move from side to side, dragging his feet as he moved.
Walters’ complaint alleged that CSX was negligent by not meeting its duty under FELA (see 45 U.S.C. §§ 51-60) to provide him with a safe work place. Specifically, he alleged that CSX knew or should have known that fixing a railroad ear in this manner created a dangerous condition. CSX moved for summary judgment arguing that the condition was not necessarily dangerous because Walters had performed this same task numerous times before without incident. Further, CSX argued that the danger, if any, was not foreseeable. The only evidence CSX presented was Walters’ deposition testimony that he had performed the same task at least 100 times without injuring himself and that he had never heard of other employees injuring themselves in that manner. This is not sufficient to support the entry of a summary judgment. The fact that Walters had not been injured in the past does not negate the factual question of whether this was a dangerous condition. It does not matter “that the employee may have escaped injury by confronting that danger numerous times in the past.” Adams v. Seaboard Coast Line R.R., 296 So.2d 1, 5 (Fla.1974).
*397 As to foreseeability, the issue to be resolved was the employer’s knowledge. Through further discovery, Walters may learn that CSX’s knowledge goes beyond his own and that, therefore, the company knew or should have known of the danger. The employee’s lack of knowledge of prior incidents does not remove the issue as to the knowledge of the employer.
In reviewing orders granting summary judgment, we must draw every possible inference in favor of the non-moving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). If material issues of fact remain we must reverse. Id.
Because CSX presented no evidence of its own knowledge with regard to the issue of foreseeability, a jury question exists as to CSX’s negligence. Accordingly, we reverse the trial court’s order granting summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY, J„ concur.

. Although the trial court entered an "order” granting the motion for summary judgment and not a final judgment, our review of the order satisfies us that there are sufficient words of finality contained within the order that it should be treated as a final, appealable order.